UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTONIO F. POLVOROSA,<br><br>　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>ALLIED COLLECTION SERVICE, INC. et al.,<br><br>　　　　　　　　Defendant(s). | Case No. 2:16-CV-1508 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Ocwen Loan Servicing, LLC's motion to dismiss plaintiff's first amended complaint. (ECF No. 16). Plaintiff Antonio Polvorosa filed a response (ECF No. 22), to which defendant replied (ECF No. 32).

Also before the court is plaintiff's motion for partial summary judgment. (ECF No. 24). Defendant filed a response (ECF No. 33), to which plaintiff replied (ECF No. 41).

**I.	Facts**

The instant dispute involves allegations that defendants erroneously reported plaintiff's derogatory credit information to national reporting agencies in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (the "FCRA").

Defendants Allied Collection Service, Inc. ("Allied") and Vegas Valley Collection Service ("VVCS") furnish information to consumer credit reporting agencies ("CRAs") and are debt collectors. (ECF No. 4 at 4). Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a furnisher of information to CRAs. (ECF No. 4 at 4). Defendant Equifax Information Services, LLC

**James C. Mahan**
**U.S. District Judge**

("Equifax") is a consumer reporting agency that assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties.[1] (ECF No. 4 at 4–5).

Plaintiff filed for Chapter 13 bankruptcy pursuant to 11 U.S.C. § 1301 *et seq.* on July 17, 2011. (ECF No. 4 at 5). Plaintiff alleges that the bankruptcy on July 16, 2015 discharged all of plaintiff's debts to each applicable defendant. (ECF No. 4 at 6). According to plaintiff, any report of a balance greater than $0 was inaccurate pursuant to the bankruptcy. (ECF No. 4 at 12). Plaintiff asserts that based on an Equifax credit report dated September 15, 2015, Ocwen inaccurately reported that plaintiff owed an outstanding balance of $145,313.00 and was past due in the amount of $18,448.00. (ECF No. 4 at 12–13).

On July 26, 2016, plaintiff filed an amended complaint alleging two causes of action: (1) violation of the FCRA against all defendants; and (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "CDCPA") against defendants Allied and VVCS. (ECF No. 4). On September 26, 2016, plaintiff voluntarily dismissed his claims against defendant Equifax. (ECF No. 25). On December 9, 2016, the court granted a stipulation to dismiss (ECF No. 43) defendant VVCS. (ECF No. 44).

In the instant motions, defendant Ocwen moves for dismissal of plaintiff's FDCP claim for failure to state a claim (ECF No. 16), while plaintiff moves for partial summary judgment on the issue of liability based on Ocwen's reporting of inaccurate information on his credit report (ECF No. 24). The court will address each in turn.

**II.  Legal Standards**

   **A.  Motion to Dismiss**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

---

[1] So far as it matters here, the FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, [or] credit capacity . . . which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . credit or insurance to be used primarily for personal, family, or household purposes." 15 U.S.C. § 1681a(d)(1) (footnote omitted). The scope of this definition is not at issue.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

James C. Mahan
U.S. District Judge

**B. Motion for Summary Judgment**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material

**James C. Mahan**
**U.S. District Judge**

- 4 -

fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### A. Motion to Dismiss

In the instant motion, Ocwen argues that plaintiff fails to allege any deficiencies regarding the figures it reported and does not allege that there should have been no balance or that he was current. (ECF No. 16 at 3–4). In addition, Ocwen contends that reporting delinquencies during the pendency of a bankruptcy or during a bankruptcy's automatic stay is not a violation of the FCRA. (ECF No. 16 at 5–6). Ocwen further contends that failure to comply with Metro 2 Reporting Standards does not support a claim under the FCRA. (ECF No. 16 at 6–7).

Despite Ocwen's assertion to the contrary, plaintiff does allege that there should have been no balance because Ocwen's debt was discharged in the bankruptcy. Specifically, plaintiff alleges that in light of the discharge in the bankruptcy, "[i]t was therefore inaccurate for Ocwen to report a balance any great than $0." (ECF No. 4 at 12). While Ocwen correctly contends that reporting delinquencies during the pendency of a bankruptcy or during a bankruptcy's automatic stay is not itself a violation of the FCRA, the focus here is whether plaintiff sufficiently alleged that Ocwen

failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b)(1)(A)–(E) after receiving notice of the disputed inaccuracy.

Congress enacted the Fair Credit Reporting Act (the "FCRA") in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "As it relates to furnishers of information to consumer reporting agencies, the FCRA sets forth two general requirements: the duty to provide accurate information, 15 U.S.C. § 1681s–2(a), and the duty to investigate the accuracy of reported information upon receiving notice of a dispute, § 1681s–2(b)." *Waldrop v. Green Tree Servicing, LLC*, No. 214CV2091JCMGWF, 2015 WL 5829879, at *3 (D. Nev. Oct. 5, 2015) (quoting *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003)).

The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements. 15 U.S.C. § 1681n–o; *see also Nelson v. Chase Manhattan Morg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duty to investigate the accuracy of reported information upon receiving notice of a dispute. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). "Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Id.*

To state a claim under 15 U.S.C. § 1681s-2(b), a plaintiff must allege four elements: (1) plaintiff identified an inaccuracy in his credit report; (2) plaintiff notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b)(1)(A)–(E). *See, e.g.*, *Waldrop*, 2015 WL 5829879, at *3.

The duty imposed on furnishers of information is triggered upon notice of dispute. 15 U.S.C. § 1681s-2(b). "Liability on a furnisher is limited in that an individual consumer cannot state an FCRA claim against a furnisher unless the furnisher receives notice of the disputed information from the CRA and fails to comply with its duties." *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1120 (D. Nev. 2008). "Congress did provide a filtering mechanism in § 1681s-2(b) by making the disputatious consumer notify a CRA and setting up the

CRA to receive notice of the investigation by the furnisher." *Nelson*, 282 F.3d at 1060. This "filtering mechanism" is an "opportunity for the furnisher to save itself from liability by taking the steps required in § 1681s–2(b)." *Id*.

Once a furnisher of information has received a report from a CRA that the furnisher provided inaccurate information, the furnisher must conduct an investigation within thirty (30) days, review all relevant information regarding the dispute, report its results to the CRA, report any inaccuracies to the CRA, and modify, delete, or permanently block any mistakes. 15 U.S.C. § 1681s-2(b)(1)(A)–(E); *see also Gorman*, 584 F.3d at 1162–64. The "pertinent question" in analyzing the adequacy of the furnisher's investigation, is "whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Id.* at 1157. Plaintiff bears the burden of showing that the investigation was unreasonable. *See id.* at 1163; *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37 (1st Cir. 2010).

Taking the well-pleaded allegations set forth in plaintiff's amended complaint as true, the court finds that plaintiff has sufficiently stated a claim under 15 U.S.C. § 1681s-2(b) against Ocwen to withstand a motion to dismiss. Plaintiff alleged (1) that he identified an inaccuracy in his credit report dated September 15, 2015, regarding Ocwen's reporting that he owed an outstanding balance and was past due, (2) that he disputed the information on December 16, 2015, by notifying Equifax of the inaccurate information furnished by Ocwen, (3) that Equifax in turn timely notified Ocwen of the dispute, and (4) that Ocwen failed to conduct a reasonable investigation, failed to review all of the relevant information plaintiff provided in the dispute to Equifax, and failed to correct and update plaintiff's information. (ECF No. 4).

Accordingly, the court will deny defendant Ocwen's motion to dismiss plaintiff's amended complaint (ECF No. 16). Further, the court will also deny, as moot, Ocwen's previously filed motion to dismiss plaintiff's original compliant (ECF No. 11) in light of its notice of withdrawal of that motion (ECF No. 15).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**B. Motion for Summary Judgment**

In his motion for partial summary judgment, plaintiff moves for a finding that Ocwen is liable for violating the FCRA by "reporting patently inaccurate information on [p]laintiff's credit report." (ECF No. 24).

As discussed above, the FCRA sets forth two general requirements: (1) the duty to provide accurate information, 15 U.S.C. § 1681s–2(a), and (2) the duty to investigate the accuracy of reported information upon receiving notice of a dispute, 15 U.S.C. § 1681s–2(b). *Waldrop*, 2015 WL 5829879, at *3 (citation omitted). A private party, as plaintiff is here, cannot bring a claim under subsection (a), to enforce the duty to provide accurate information. *See Gorman*, 584 F.3d at 1154. "Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Id.* Thus, liability for plaintiff's FCRA claim against Ocwen focuses on whether it failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b)(1)(A)–(E).[2]

---

[2] In particular, 15 U.S.C. § 1681s-2(b)(1) provides that after receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1)(A)–(E).

James C. Mahan
U.S. District Judge

- 8 -

Accordingly, the court will deny plaintiff's motion for partial summary judgment on the issue of liability for his FCRA claim against Ocwen (ECF No. 24).

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 16) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 11) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment (ECF No. 24) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the parties' stipulations for extensions of time to file a response (ECF Nos. 26, 35) be, and the same hereby are, DENIED as moot.

DATED January 3, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**